UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BRIAN D. BRADLEY,**
**INSTITUTIONAL ID NO. 01726807,**

  Petitioner,

v.                                                             No. 4:23-cv-0543-P

**DIRECTOR, TDCJ-CID,**

  Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Brian D. Bradley for a writ of habeas corpus under 28 U.S.C. § 2254. Having considered the petition, the response, the reply, the record, and applicable authorities, the Court concludes that the petition must be **DISMISSED**.

### BACKGROUND

Petitioner is serving a sentence of thirty years' imprisonment pursuant to his conviction for aggravated sexual assault under Case No. 66805 in the 264th Judicial District Court, Bell County, Texas. ECF No. 14, Ex. A. He admits that he is not eligible for release on mandatory supervision. ECF No. 1 at 5.

In his petition, he challenges a disciplinary proceeding for assault on a staff member. Petitioner admits that he splashed the staff member in the face with a cup of tea and flipped over a food cart that was between him and the staff member. ECF No. 2 at 2. Petitioner was found guilty and assessed the loss of sixty days' commissary, sixty days' telephone privilege, and forty-five days' recreation. He also received forty-five days of cell restriction and a loss of 364 days of good time credit.

Petitioner seeks to have his disciplinary case dismissed.[1]

## APPLICABLE LEGAL STANDARDS

Federal courts cannot retry every prison disciplinary dispute. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Rather, they may act only where arbitrary or capricious action is shown in connection with a disciplinary hearing that involves a liberty interest—that is, restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Reeves*, 19 F.3d at 1062.

Losses of recreation, telephone, and commissary privileges do not implicate due process or liberty interests. *Sandin*, 515 U.S. at 486; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, a change in time-earning classification is too tenuous to invoke constitutional concerns. *Sandin*, 515 U.S. at 487; *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). *See also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Loss of good time credits may create a liberty interest that is protected by the Due Process Clause. *Sandin*, 515 U.S. at 483–84.

In Texas, "[a]s a general rule, only sanctions which result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or which otherwise directly or adversely affect release on mandatory supervision will impose upon a liberty interest." *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) (citing *Orellana v. Kyle*, 65 F.3d 29, 31–33 (5th Cir. 1995)). *See Malchi*, 211 F.3d at 957–58 (holding that although Texas law does not create a constitutionally protected interest in parole,[2] the law prior to September 1, 1996, does create a constitutional expectancy of early release on mandatory supervision for those who are eligible).

---

[1] Petitioner also seeks compensation for property he alleges was stolen while he was in prehearing detention. And, he wants counsel substitutes to start helping inmates with the appeal process. Neither of these requests is properly presented here. In particular, he must purse his claim for deprivation of property caused by the misconduct of state officials through a state law tort action. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

[2] A prisoner does not have a liberty interest in obtaining parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 73–74 (5th Cir. 1995).

## ANALYSIS

As Petitioner admits, he is not eligible for release to mandatory supervision.[3] Thus, his loss of good time credits does not invoke due process. And, because a prisoner does not have a liberty interest in obtaining parole in Texas, Petitioner's change in line class does not raise a constitutional issue.[4]

## CONCLUSION

For the reasons discussed, the petition is **DISMISSED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **31st day** of **July, 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[3] The crime Petitioner committed rendered him ineligible for release to mandatory supervision. Tex. Gov't Code § 508.149(a)(8) (stating that an inmate may not be released to mandatory supervision if serving a sentence for a first degree felony under Texas Penal Code § 22.021).

[4] If the Court is mistaken, the record reflects that Petitioner received the process he was due. *See Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974). ECF No. 15-2 (Disciplinary Hearing Record); ECF No. 16.